## Kraus, Appellant, *v.* American Tobacco Co. et al.

*Corporations—Foreign corporations—Revocation of agency of secretary of Commonwealth—Continuance of agency during existing liabilities—Power coupled with interest—Acts of June 8, 1911, P. L. 710, and March 5, 1925—Appeal—Practice.*

1. Under the Act of June 8, 1911, P. L. 710, when a foreign corporation registers thereunder and appoints the secretary of the Commonwealth as agent on whom legal service may be made, such appointment continues in full force and effect until the corporation bona fide withdraws from the State and ceases to do business therein.

2. The filing of a certificate revoking the appointment of the secretary of the Commonwealth as agent for the service of process, is ineffectual, if the corporation continues to do business of an intrastate character.

3. Unlike the ordinary agent who is selected by his principal, and may be discharged at will, the secretary of the Commonwealth is, under the Act of 1911, really an agent named by the State, and may not be dismissed so long as any liability remains outstanding against the corporation.

4. Such situation is more in the nature of a power coupled with an interest, where the power cannot be revoked so long as the interest lasts.

5. Where a foreign corporation files a certificate revoking the appointment of the secretary of the Commonwealth as agent, and, subsequently, in a suit against it, sets up such revocation as a defense in an affidavit of defense, and denies that it has carried on any business in the State since the revocation, the court below is in error in deciding that the revocation of the agency was conclusive in itself, and in not finding from evidence submitted whether or not the corporation had continued to do an intrastate business after the revocation.

6. In such case, although the controversy arose before the Act of March 5, 1925, P. L. —, the appellate court will pursue the practice contemplated by that act, and treat the affidavit of de-

fense as though it were a petition to set aside service, and dispose of the appeal on that basis by remitting the case to the court below to consider and determine the question of fact involved.

Argued March 18, 1925. Appeal, No. 20, March T., 1925, by plaintiff, from order of C. P. Allegheny Co., Jan. T., 1923, No. 700, setting aside service of writ, in case of Samuel Kraus v. American Tobacco Co. and R. H. Kelley. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Affidavit of defense raising question of law and replication filed thereto. Before HAYMAKER, J.

The opinion of the Supreme Court states the facts.

The following order was made: "The return of the service of the writ of summons in this case upon the American Tobacco Company by the sheriff of Dauphin County is vacated and set aside." Plaintiff appealed.

*Error assigned* was, inter alia, order, quoting it.

*Leonard S. Levin,* for appellant.—The intention of the legislature was that the revocation was to be valid only where there was a bona fide removal from the State and cessation of business, and for a fictitious removal: National Bank v. Chase Co., 17 Pa. Dist. R. 869; Mutual Reserve Assn. v. Phelps, 190 U. S. 147; Mutual Ins. Co. v. Spratley, 172 U. S. 617; Hunter v. Mutual Reserve Assn., 218 U. S. 587; Fashion Co. v. Brobst, 18 Lancaster L. R. 231; Milsom Fertilizer Co. v. Kelly, 10 Pa. Superior Ct. 565; Kernchen Co. v. English, 70 Pa. Superior Ct. 293; Nonantum Worsted Co., 3 Pa. Dist. R. 428; Bragdon v. Campbell Co., 19 Pa. C. C. R. 305; West Jersey Ice Mfg. Co. v. Armour & Co., 12 Pa. Superior Ct. 443.

*John G. Frazer,* with him *Reed, Smith, Shaw & Mc-Clay,* for appellee, cited: Nat. Bank v. Chase, 17 Pa.

Dist. R. 869; Peoples Tobacco Co. v. Am. Tobacco Co., 246 U. S. 79.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, April 13, 1925:

Samuel Kraus, a wholesale tobacco dealer in the City of Pittsburgh, sued the American Tobacco Company, a New Jersey corporation, and R. H. Kelley, alleging that defendants had conspired to control the sale of tobacco, especially in the State of Pennsylvania, and, in pursuance of this conspiracy, had refused to sell to plaintiff because he had failed to maintain the prices established by them, resulting in heavy damages to him, which he sought to recover. Service was made October 24, 1922, upon the secretary of the Commonwealth, as agent for defendant corporation, and an affidavit of defense was filed by the latter, raising the question of law that the person served was no longer its agent.

The affidavit admitted that defendant, in 1915, registered in Pennsylvania as a foreign corporation, appointing the secretary of the Commonwealth as its agent for the service of processes in this State; but defendant averred that it ceased to do business in Pennsylvania in July, 1916, and, on January 11, 1917, filed with the proper official a paper, so certifying, wherein it attempted to revoke the prior appointment of the secretary of the Commonwealth as its agent for the service of process. Defendant further averred that, since the time of filing such revocation, it had not carried on any business within the confines of Pennsylvania, owned property, or maintained an office in the State. It therefore contended that the service of the writ on the secretary of the Commonwealth, as its agent, was illegal and should be set aside.

In an answer, or replication, to defendant's affidavit of defense, plaintiff averred that, "since July, 1916, up to the date of the bringing of the suit, defendant had maintained a permanent office in the City of Pittsburgh," and

had continued to do business within the State of Pennsylvania; plaintiff therefore contended that the service on the secretary of the Commonwealth should be adjudged good and sufficient.

Depositions were taken, and "the preliminary question as to the legality of the service of the writ was, by agreement of counsel, argued before the court in banc," which entered an order vacating and setting aside the service; this appeal followed.

In an opinion accompanying the order appealed from, the court below states: "Depositions have been taken by both sides on the question of doing or carrying on corporate business by defendant after its attempted revocation of agency, but we are unable to see the necessity of passing on that question of fact, for the reason that we are of opinion the validity of the service does not depend on whether defendant continued to carry on business within the State." In other words, the court below concluded, defendant corporation having gone through the form of revoking the agency for service on it, *that ended the matter.* In thus concluding, the court erred, and the error requires that we return the record to the common pleas in order that the questions of fact involved may be passed on by it.

Section 2 of the Act of June 8, 1911, P. L. 710, provides that every foreign corporation, before doing business in this State, "shall appoint, in writing, the secretary of the Commonwealth and his successor in office to be its ......authorized agent, upon whom all legal processes ......may be served; and service......on the secretary of the Commonwealth shall be of the same legal force and validity as if served on it [the corporation in question]; and the authority for such service......shall continue in force so long as any liability remains outstanding against it [the corporation in question] in the Commonwealth." The plain meaning of this statute is that, when a foreign corporation registers thereunder and appoints the secretary of the Commonwealth as agent

on whom legal service may be made, such appointment continues in full force and effect until the corporation bona fide withdraws from the State and ceases to do business therein; for, so long as it continues to do business, of an intrastate nature, in Pennsylvania, after having registered, it is liable to be sued here; and that is the liability referred to in the act.

Unlike the ordinary agent who is selected by his principal, and may be discharged at will, this one is really named by the State, and may not be dismissed "so long as any liability remains outstanding against it [the registering corporation] in the Commonwealth"; or, in other words, so long as it continues to do an intrastate business within the Commonwealth; for the undertaking to name and retain the secretary of the Commonwealth as its agent, while so engaged here, formed the consideration which moved the State to consent to the request of the corporation that it be allowed to carry on such business in Pennsylvania.

When a foreign corporation applies for registration, it in effect says to the Commonwealth, "Let me register and freely sue in your courts, and I will agree that, while I continue to do an intrastate business in Pennsylvania, whosoever occupies the office of secretary of the Commonwealth may be served as my agent." Therefore, the situation is quite different from the ordinary appointment of an agent, where, of course, when the latter has no interest, the appointment may be revoked at any time. Here, the Commonwealth, whose officer is named as agent, has an interest to be served, by affording convenience to its citizens in bringing suit against a foreign corporation while the latter is located for business purposes within the confines of the State; so the situation is more in the nature of a power coupled with an interest, where the power cannot be revoked so long as the interest lasts, and in this instance the interest lasts as long as the corporation continues to do an intrastate business in Pennsylvania.

The depositions showing, and it being conceded by appellee, that, since the date of the attempted revocation of the power of its registered agent, it carried on within the State business transactions of some sort, the ultimate issue above referred to involves a mixed question of law and fact, that is, whether these transactions and the manner of their execution show the doing of intrastate business, or of only interstate business; but the underlying findings, as to the nature of these transactions and how they were carried on, will involve pure questions of fact, which should be ascertained, in proper form, before the ultimate finding, above referred to, is made.

We shall treat the case as though the affidavit of defense were a petition to set aside service, and dispose of the appeal on that basis. In this connection, we call attention to the Act of March 5, 1925, P. L. 000, entitled, "An act in relation to the procedure in certain classes of cases in which there is raised a question as to the jurisdiction of a court of first instance over the defendant or the cause of action for which suit is brought, and authorizing appeals from the preliminary decision of such questions," which provides, by section 2, that "All such preliminary questions shall be raised by petition setting forth the facts relied upon, whereupon a rule to show cause shall be granted, and such preliminary question disposed of by the court." Though the present controversy arose before the Act of 1925, the practice pursued (treating the pleadings as above indicated) is as contemplated therein.

The order appealed from is reversed and the record is remitted to the court below so that it may proceed forthwith to consider and determine the questions of fact indicated in this opinion, and adjudge the validity of the service accordingly.