# Kelly et al. *v.* International Clay Products Co., Appellant.

*Practice, C. P.—Rule to show cause—Relevant issues—Appeals.*

1. Where a rule to show cause has been granted, upon a petition filed, the court below and the appellate court, on appeal, are required to determine only the relevant issues raised by the petition and the answer thereto.

2. If petitioner orders such a case for hearing upon petition and answer, without replication or evidence, the court should accept the pertinent facts set forth in the answer as true, and reject those alleged in the petition but denied by the answer.

*Corporations—Dissolution—Suit against corporation pending final dissolution.*

3. Where the statute under which a corporation is alleged to have been dissolved, provides that it shall be continued as a body corporate for the purpose of prosecuting and defending actions brought by and against it, but not for the purpose of continuing its business, suits may be brought against it during the period of its continuance as a body corporate, notwithstanding such qualified dissolution.

Argued November 29, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 322, Jan. T., 1927, by defendant, from order of C. P. No. 5, Phila. Co., June T., 1925, No. 7363,

discharging rule to set aside service of summons, in case of Martin F. Kelly et al. v. International City Products Co. Affirmed.

Rule to set aside service of summons. Before MARTIN, P. J., MONAGHAN and SMITH, JJ.

The opinion of the Supreme Court states the facts. Rule discharged. Defendant appealed.

*Error assigned,* inter alia, was order, quoting record.

*Ashton Locke Worrall,* for appellant.—A suit cannot be instituted or maintained against a dissolved corporation in Pennsylvania: Farmers & Mechanics Bk. v. Little, 8 W. & S. 207; Mott v. R. R., 30 Pa. 25; Burns v. Life Ins. Co., 279 Pa. 453; Zimmerman v. Coal Co., 286 Pa. 108; Com. v. Casualty Co., 287 Pa. 6; Louchheim v. Printing & Weighing Co., 12 Pa. Superior Ct. 55; Pendleton v. Russell, 144 U. S. 640.

The right to maintain a suit against a foreign corporation is determined by the lex fori: Farmers & Mechanics Bk. v. Little, 8 W. & S. 207; Burns v. Ins. Co., 279 Pa. 453; Scudder v. Bank, 91 U. S. 406; Zimmerman v. Coal Co., 286 Pa. 108.

An action cannot be maintained against a foreign corporation in Pennsylvania except by following the enabling legislation: Eline v. Western Maryland, 253 Pa. 204; Shambe v. R. R., 288 Pa. 240; Parke v. Ins. Co., 44 Pa. 422; Harris v. Mercur, 202 Pa. 313.

*Walter M. Burkhardt,* with him *T. Ewing Montgomery* and *Earl B. Breeding,* for appellees, cited: Kraus v. Tobacco Co., 283 Pa. 146, and Act June 8, 1911, P. L. 710.

OINION BY MR. JUSTICE SIMPSON, January 3, 1928:

In the court below, defendant filed a petition praying that the service of the summons should be set aside;

a rule to show cause was granted; plaintiff answered; defendant elected to have the matter disposed of upon petition and answer, without the taking of testimony; the rule was discharged and, as authorized by the Act of March 5, 1925, P. L. 23, defendant forthwith appealed from the order thus made. Under such circumstances, we are required to determine only the relevant issues raised by the petition and answer, and, in doing so, must accept as true the pertinent facts set forth in the answer, and reject those which are alleged in the petition but are denied by the answer. Thus viewed, the facts are as follows:

Defendant, a corporation of the State of Delaware, in order to carry on business in this Commonwealth, filed a paper in the office of the secretary of the Commonwealth, as it was required to do by the Act of June 8, 1911, P. L. 710, appointing the secretary as its agent upon whom service of process against it might be made. It purchased certain personalty from plaintiffs and received the property, but did not pay the agreed consideration. Subsequently it was adjudicated a bankrupt by the District Court of the United States for the Eastern District of Pennsylvania; its assets were sold, and, after payment of all its other creditors, a balance of $12,097.44, applicable to the satisfaction of whatever claim plaintiffs may have, was turned over to and is now being held by the corporation. Later, under the law of Delaware hereinafter quoted, it was dissolved to the extent specified in that statute, and thereupon a paper, signed by its former president and secretary, was filed in the office of the secretary of the Commonwealth, purporting to revoke the agency of that official for the purpose above stated. Still later, plaintiffs began the present action to recover the agreed price for the personalty sold to defendant, and the summons was served upon the secretary of the Commonwealth. The present petition was thereupon filed, averring that, because of the dissolution of defendant and of the at-

tempted revocation of the appointment of the secretary as its agent, the service of the summons on him was not a legal service on defendant, and hence should be set aside.

Section 40 of the General Corporation Law of Delaware, under which the alleged dissolution was had, provides as follows: "All corporations, whether they expire by their own limitation, or are otherwise dissolved, shall nevertheless be continued for the term of three years from such expiration or dissolution bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, and to divide their capital stock, but not for the purpose of continuing the business for which said corporation shall have been established. Provided, however, that with respect to any action, suit or proceeding begun or commenced *by or against* the corporation prior to such expiration or dissolution, and with respect to any action, suit or proceeding begun or commenced *by* the corporation within three years after the date of such expiration or dissolution, such corporation shall only for the purpose of such actions, suits or proceedings so begun or commenced be continued bodies corporate beyond said three year period and until any judgments, orders or decrees therein shall be fully executed." The present suit was begun within three years after the decree of dissolution relied on by defendant, and, hence, by the express language of the statute, the corporation was not dissolved as to it, but was "continued......[for the balance of the three years] for the purpose of......defending" the suit, in order to enable it "gradually to settle and close [its] business," unless, as claimed by appellant, the statute relates only to suits which were begun before the order of qualified dissolution. This cannot be so, however, since there is no limitation of time within which suits may be begun, but only that if they were

not commenced against the corporation before the dissolution, its continuance for the purpose of such suits shall end three years after the date of such dissolution.

The only other point raised by the petition is whether or not the attempted revocation of the agency of the secretary of the Commonwealth made the service on him ineffective. Section 2 of the Act of June 8, 1911, P. L. 710, because of which defendant appointed the secretary as its agent upon whom process against *it* could be served, in terms provides that "the authority for service of such process shall continue in force so long as any liability remains outstanding against it in the Commonwealth." It is not necessary to determine whether or not this language is broad enough to cover this and all other transitory actions (see Knight v. West Jersey R. R. Co., 108 Pa. 250, 252), or whether it enures to the benefit of citizens of the Commonwealth only, or applies only to contracts made or to be performed here, for the petition contains no averments regarding any of these matters, and hence, for the reasons hereinbefore stated, they need not be considered by us.

The order of the court below is affirmed.