## Bertolacci v. Union Paving Company

*John J. McDevitt, Jr.,* for plaintiff; *J. Wesley McWilliams,* for defendant.

MACNEILLE, J., December 2, 1932.—We are considering defendant's petition and rule for judgment of non pros. A summons in trespass issued August 23, 1928, which was returned nihil habet. Although this summons had not been served, a statement of claim was filed, and, on November 5, 1928, the defendant took a rule to strike off the statement of claim. This rule was made absolute December 10, 1928, and thereafter, on December 16, 1930, an alias summons in trespass was issued.

We are now asked to make absolute the defendant's rule for judgment of non pros. on the ground of the running of the statute of limitation.

The suit is to recover for the death of the husband of the plaintiff, and, under the Act of April 26, 1855, P. L. 309, Sec. 2, all actions for injuries resulting in death must be brought within one year after the death and not thereafter. On this ground alone we would be obliged to make absolute the defendant's rule. However, the plaintiff contends that the statute was tolled by the issuance of his original summons. There might be something to the plaintiff's contention had the alias summons been issued within one year after the original summons, but the fact is the alias summons was issued two years and one month after the original summons. We are of the opinion that this was too late.

Plaintiff further relies upon what he calls an agreement with counsel that he should investigate the likelihood of some other person being liable instead of

the defendant sued, and that time which he lost was due to his investigations in this regard. He says this had the effect of a stipulation of counsel; that it lulled him to sleep, causing the delay, and should, therefore, toll the running of the statute of limitation. But it was not a stipulation in writing as required by the rules of the court. As to this we must observe that under the rules of the court stipulations of counsel must be in writing, but this was not done. Even had this been done, we feel that the statement of facts could not excuse the plaintiff for his noncompliance with the statute of limitation. We are not considering the plaintiff's delay as mere laches; we think it is a fatal disregard of the time fixed in the statute.

Plaintiff also contends that the action of the defendant in striking off the statement of claim that was filed October 23, 1928, constituted the entry of a general appearance and that, therefore, he is in court. We cannot agree with this contention. The defendant's rule is based upon his petition in which he specifically prayed for "a rule on the plaintiff in accordance with the Act of March 5, 1925, P. L. 23, to show cause why such statement of claim should not be stricken from the record." This raised a preliminary question as to jurisdiction over the defendant. The writ of summons not being served, the court was without jurisdiction and so decided. Section two of the Act of 1925, supra, reads: "All such preliminary questions shall be raised by petition setting forth the facts relied upon. . . . Such procedure shall be deemed de bene esse only and shall not operate as a general appearance." The Act of 1925 provided the procedure for raising preliminary questions relating to jurisdiction of a court either over the person of the defendant or the cause of action. This is the only method available to a defendant to secure the striking off of a writ or a pleading. See Lobb v. Penna. Cement Co., 285 Pa. 45; Kraus v. American Tobacco Co. et al., 283 Pa. 146.

Wherefore, the rule taken by defendant for judgment of non pros. is made absolute.