## DEHNE v. HILLMAN INVESTMENT CO.
### No. 7215.

Circuit Court of Appeals, Third Circuit.
March 7, 1940.

Carl D. Smith and Robert F. Barnett, both of Pittsburgh, Pa., for appellant.

Roy G. Bostwick, Lee W. Eckels, and Thorp, Bostwick, Reed & Armstrong, all of Pittsburgh, Pa., for appellee.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

BIGGS, Circuit Judge.

Hillman Investment Company, the sole appellee, a Delaware corporation, owned all of the stock of Allegheny Bankshares, Inc. The stock of the appellee, in turn, was owned by the four individual defendants. In 1930, one of these, J. H. Hillman, Jr., purchased stock of the Central National Bank of Wilkinsburg. He later exchanged this for stock of the First National Bank of Wilkinsburg. In October, 1931, he transferred this stock to Allegheny Bankshares, Inc. The bill of complaint alleges that Hillman made this transfer at a time when the banks and trust companies of Western Pennsylvania were suffering substantial losses, knowing that Allegheny Bankshares, Inc., was insolvent. The bill of complaint also alleges that upon December 31, 1934 the appellee dissolved in accordance with the law of Delaware; that prior to its dissolution the Comptroller of the Currency had taken possession of the First National Bank of Wilkinsburg and that in March, 1934, the Comptroller levied a 100% assessment on the stock. The appellant, Dehne, is the present receiver of the Bank. He prays discovery as to the transactions between Allegheny Bankshares, Inc., the appellee, and the individual defendants, and also that the individual defendants be required to account to him for their proportionate amounts of the assessment made by the Comptroller. The appellee appeared specially and moved to quash the service and to dismiss as to the appellee for want of jurisdiction over it. The court below granted this motion and the appeal at bar followed.

The appellee contends that the service made upon it was quashed properly because the deputy-sheriff of Dauphin County, Pennsylvania, who served the subpœna was not "specially appointed by the court or judge for that purpose * * *" as required by Equity Rule 15, 28 U.S.C.A. following section 723, which was in effect upon September 7, 1937, the day the service was made. This point is well taken and we must sustain it. Putting other questions to one side, however, under Rule 4(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, this defect of service could be cured now by issuing an additional summons, delivering it to a person specially appointed to serve it upon the Secretary of the Commonwealth of Pennsylvania at Harrisburg pursuant to the provisions of Rule 4(b), and a deputy-sheriff of Dauphin County could be appointed to make such service as provided by Rule 4(c).

The District Court of the United States for the Western District of Pennsylvania had venue jurisdiction of the appellee, despite its dissolution,[1] if it was liable because of acts of an intrastate nature committed by it within the Commonwealth of Pennsylvania. Section 1001 of the Pennsylvania Business Corporation Law, 15 P.S. § 2852—1001, requires a foreign business corporation before doing any business in the Commonwealth of Pennsylvania to procure a certificate of authority from the Department of State. Section 1004 of the Pennsylvania Business Corporation Law, 15 P.S. § 2852—1004, provides the terms and conditions upon which such a certificate of authority may be obtained. These include a designation by the corporation of the Secretary of the Commonwealth as its agent or attorney for service of process upon it. The section provides that "* * * the authority for such service of process shall continue in force as long as any liability remains outstanding against the corporation in this

---

[1] It should be noted that at the time the suit at bar was commenced the appellee by virtue of Section 42 of the Corporation Law of Delaware (section 2074, Revised Code, 1935) was still in existence for the purpose of the suit at bar. Such modified existence continued for three years from the date of dissolution.

458

Commonwealth." The appellee procured a certificate of authority upon compliance with the conditions imposed. Section 1011, 15 P.S. § 2852—1011, prescribes a method for the service of process upon a foreign corporation and provides that, "Such process may be issued by any court * * * having jurisdiction of the subject matter of the controversy in any county of the Commonwealth in which the corporation shall have its registered office, or in the county in which the right of action arose."

There is no doubt that the District Court of the United States for the Western District of Pennsylvania is a court in a county of the Commonwealth of Pennsylvania within the purview of Section 1011 of the Pennsylvania Business Corporation Law. Ex parte Schollenberger, 96 U.S. 369, 24 L.Ed. 853. That court had jurisdiction of the subject matter. The suit at bar is not one based upon diversity of citizenship, but arises out of the laws of the United States. The court below erred,[2] however, in holding that it did not have jurisdiction over the appellee because the appellee was not an inhabitant of the Western District. We are of the opinion that by applying for a certificate of authority and designating the Secretary of the Commonwealth as its attorney for process, the appellee waived the provisions of Section 51 of the Judicial Code as amended, 28 U.S.C.A. § 112, and must therefore be held to have consented to be sued in the District Court for the Western District of Pennsylvania so long as it had liability outstanding in that State. See Neirbo Company v. Bethlehem Shipbuilding Corporation, Ltd., 60 S.Ct. 153, 84 L.Ed. ——.

■ This brings us to the insuperable difficulty which stands in the way of the appellant's right to maintain its present suit against the appellee. That difficulty does not lie in the dissolution of the appellee, since the authority conferred upon the Secretary of the Commonwealth to act as agent for the service of process continued after dissolution so long as the appellee had indebtedness outstanding against it in Pennsylvania. Having authorized the Secretary of the Commonwealth to act as its attorney to receive service of process, it cannot withdraw such authorization by dissolution or otherwise. See Kraus v. American Tobacco Co., 283 Pa. 146, 129 A. 60, 61; Kelly v. International Clay Products Co., 291 Pa. 383, 140 A. 143, 145. That authorization will end only upon the termination of the liability of the foreign corporation for acts of an intrastate nature done by it in Pennsylvania.

■ The appellant's difficulty arises from the fact that it does not appear from the bill of complaint either expressly or by inference that the appellee remains after its dissolution liable to the appellant because of any act done by it within the State of Pennsylvania. As a matter of fact the bill of complaint sets up a cause of action against the individual defendants upon a theory of piercing the corporate entities of both the appellee and Allegheny Bankshares, Inc. The only relief sought against the appellee is discovery. The word "liability" as it is used in Sections 1004 and 1015 of the Pennsylvania Business Corporation Law, 15 P.S. §§ 2852—1004, 2852—1015, contemplates the existence of a debtor-creditor relationship between the corporation and him who sues it (see Roncace v. Marchigiani Home Association, 30 Pa. Dist. & Co. R. 480) or a duty upon the part of the corporation to pay money or perform some other service to the suitor because of an act or acts of an intrastate nature done by the foreign corporation within the Commonwealth of Pennsylvania. In our opinion the word "liability" does not include a duty to testify as a witness. At common law a bill of discovery was demurrable if it lay against a defendant who was a mere witness. A defendant answering a bill of discovery did not thereby give evidence as a witness, he was compelled to discover facts as a party. See Bray on Discovery, pp. 41 and 42, and the authorities there cited.

■ Since the appellant alleges no acts committed by the appellee in Pennsylvania which would render the appellee liable to the appellant, he has omitted the allegation of necessary jurisdictional facts.

The decree of the court below is affirmed.

[2] The court below did not have the advantage of the decision of the Supreme Court in Neirbo Company v. Bethlehem Shipbuilding Corporation, Ltd., 60 S.Ct. 153, 84 L.Ed. ——.