## CARLISLE v. KELLY PILE & FOUNDA-TION CORPORATION.

### No. 9732.

United States Court of Appeals
Third Circuit.

Argued Dec. 23, 1948.

Decided May 18, 1949.

KALODNER, Circuit Judge, dissenting.

See also 175 F.2d 418.

William M. Alper, Philadelphia, Pa. (Freedman, Landy & Lorry, Philadelphia, Pa., on the brief), for appellant.

Louis Wagner, Philadelphia, Pa. (Richard A. Smith, Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and Mc-LAUGHLIN and KALODNER, Circuit Judges.

BIGGS, Chief Judge.

The plaintiff, Carlisle, a citizen of New Jersey, brought suit in the court below against Kelly Pile and Foundation Corporation ("Kelly Pile"), a New York corporation, alleging acts of negligence by Kelly Pile which occurred in Delaware and which resulted in injury to Carlisle. The court dismissed the complaint for want of proper venue.[1] See Section 51 of the Judicial Code of 1911.[2] The plaintiff has appealed.

The record shows that the Commonwealth of Pennsylvania on May 21, 1941 granted to Kelly Pile a certificate of au-

---

[1] The court below first refused to dismiss the complaint. See 72 F.Supp. 326. Upon consideration, however, of the decision of this court in Dehne v. Hillman Inv. Co., 3 Cir., 110 F.2d 456, the motion to dismiss was granted. See 77 F.Supp. 51, Civil Action No. 6380.

[2] Section 51 of the Judicial Code of 1911 provides in pertinent part: "Civil Suits; Where to be Brought.—Except as provided * * * no person shall be arrested in one district for trial in another, in any civil action before a district court; and, except as provided * * * no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant; except that suit by a stockholder on behalf of a corporation may be brought in any district in which suit against the defendant or defendants in said stockholders' action, other than said corporation, might have been brought by such corporation and process in such cases may be served upon such corporation in any district wherein such corporation resides or may be found."

thority to transact business in Pennsylvania pursuant to the Business Corporation Law of May 5, 1933, P.L. 364, 15 P.S. Pa. § 2852—1001 [3]; that the certificate has not been surrendered or revoked; that in its application for the certificate Kelly Pile designated the Secretary of the Commonwealth of Pennsylvania as its attorney to receive service of process and that the registered office in Pennsylvania of Kelly Pile is in Philadelphia. Service in the instant case was made upon the secretary of Kelly Pile at its Philadelphia office.

The defendant moved to dismiss the complaint on the ground, *inter alia,* that since the plaintiff was a citizen of New Jersey and the defendant was a New York corporation, the court below had " * * * no jurisdiction or venue of this action". The court below granted the motion stating in its opinion that " * * * as the tort which is alleged as the basis for this action did not occur in Pennsylvania * * *" the complaint should be dismissed.

We must disagree. The decisions of the Supreme Court in Neirbo Co. v. Bethlehem Corporation, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, and Gulf Oil Corp. v. Gilbert, 330 U.S.

501, 504, 67 S.Ct. 839, 91 L.Ed. 1055, seem persuasive. The New York statute, Section 210 of the General Corporation Law of New York,[4] providing for an agent for service of process upon foreign corporations upon which the Neirbo and Gulf Oil decisions were based is no broader in its essential scope than is the Pennsylvania statute. The Pennsylvania act is a general statute whereby a foreign corporation in order to do business lawfully in Pennsylvania must deliver to the Department of State a designation of the Secretary of the Commonwealth as attorney of the corporation on whom all lawful process in *any* action against it may be served.

It is true that that portion of the statute last italicized in note 3, *supra,* may be construed in limitation of the phrase *any action or proceeding* but we are of the opinion that the phrase of limitation must be confined as we confined it in Dehne v. Hillman Inv. Co., 3 Cir., 110 F.2d 456, 458. We stated: "Having authorized the Secretary of the Commonwealth to act as its attorney to receive service of process, [the foreign corporation] cannot withdraw such authorization by dissolution or otherwise. * * * That authorization

---

[3] The Pennsylvania statute in pertinent part, Section 2852—1004, provides: "The foreign business corporation, or its representative, shall deliver to the Department of State a copy of its articles * * *, and an application for a certificate of authority, * * * which shall set forth: (1) The name of the corporation. (2) * * * (3) The name of the state or country under the laws of which it is formed. (4) The address * * * of its principal office in the state or country under the laws of which it is formed. (5) The address * * * of its proposed registered office in this Commonwealth. (6) A designation of the Secretary of the Commonwealth and his successor in office as the true and lawful attorney of the corporation upon whom all lawful process *in any action or proceeding against it* may be served, that the service of process upon the Secretary of the Commonwealth shall be of the same legal force and validity as if served on the corporation, *and that the authority for such service of process shall continue in force as long as any liability remains outstanding against the corporation in this Commonwealth.* * * *" (Emphasis added.)

[4] The pertinent part of Section 210 of the General Corporation Law of New York, 22 McKinney's Consolidated Laws of New York, c. 23, § 210, is as follows:

"A foreign corporation, * * * shall not do business in this state without having first obtained from the secretary of state a certificate of authority. To obtain such certificate, the corporation shall comply with the following conditions:

"1. It shall present to the secretary of state a statement and designation in its corporate name, signed and acknowledged by its president, or vice-president, or its secretary, treasurer, managing director or attorney in fact, which shall set forth the state or country of its incorporation, the place where its office within this state is to be located and if such place be in a city, the location thereof by street and number or other particular description; the business which it proposes to do within this state, and a designation of the secretary of state as its agent upon whom all process in any action or proceedings against it may be served within this state."

will end only upon the termination of the liability of the foreign corporation for acts of an intrastate nature done by it in Pennsylvania." See Kraus v. American Tobacco Co., 283 Pa. 146, 129 A. 60, 61, and Kelly v. International Clay Products Co., 291 Pa. 383, 140 A. 143, 145. Cf. Steinberg v. Aetna Fire Ins. Co., D.C.E.D. Pa., 50 F.Supp. 438. In other words, the phrase of limitation in the statute does not narrow the broad agency designation but merely puts a time limit on it so that the designation cannot be withdrawn while local liability exists. We should point out that no decision has been cited to us, and we have found none, by a Pennsylvania State court construing the Pennsylvania statute.

Neirbo was rested by the Supreme Court on the leading case of Ex parte Schollenberger, 96 U.S. 369, 24 L.Ed. 853. The Supreme Court by Mr. Justice Waite relied on the Laws of Pennsylvania 1873, p. 27, section 13, which provided in pertinent part that if a foreign company " * * * should cease to maintain such an agent in this State, so designated, such process may thereafter be served on the insurance commissioner; but, so long as liability of the stipulating company to any resident [5] of this State continues, such stipulation cannot be revoked or modified, except that a new one may be substituted. * * * " It was argued in Schollenberger that the Pennsylvania statute confined the right of suit to courts of the State of Pennsylvania. Mr. Chief Justice Waite held that a foreign corporation authorized to do business in Pennsylvania was suable in the federal courts in that State. The Neirbo decision explicitly applied the doctrine of Schollenberger and deemed the designation of an agent for the service of process consent to be sued in the federal courts. The Supreme Court said, "In finding an actual consent by Bethlehem to be sued in the courts of New York, federal as well as state, we are not subjecting federal procedure to the requirements of New York law. We are recognizing that 'state legislation and consent of parties may bring about a state of facts which will authorize the courts of the United States to take cognizance of a case.' Ex parte Schollenberger, 96 U.S. at page 377, 24 L.Ed. 853." [308 U.S. 165, 60 S.Ct. 158]

It would seem, therefore, that the Supreme Court by decision put an end to the anomaly of a foreign corporation exercising every business function in a state while remaining inviolate to suits such as that at bar. We think the views of the Supreme Court expressed in its decisions were crystalized in Section 1391(c) of Title 28, U.S.Code Annotated. The section provides that, "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes." The language of the subsection is new but its essence is of the Schollenberger, Neirbo and Gulf Oil rulings.

We conclude, therefore, that the decision of the District Court must be reversed. An order will be entered accordingly.

KALODNER, Circuit Judge (dissenting).

While it is true that the issue presented by this appeal will not arise in the future by reason of the provisions of Section 1391(c) of revised Title 28 U.S.C.A., effective September 1, 1948, I am constrained to dissent because of the manifest importance of the problem to the parties concerned in the instant litigation.

Neither the Neirbo nor the Gulf Oil cases cited by the majority are dispositive of the issue. In both cases the defendant corporations were registered to do business in New York under a statute which required them to have an agent within that State for service for *any* suit without regard to where the cause of action arose.

Under the General Corporation Law of New York, the Courts there have held that, as to foreign corporations doing business in New York, they have jurisdiction over causes of action arising out of transactions in other states even though both

---

[5] We note the qualification of residence but the point seems immaterial in the instant case.

plaintiff and defendant are non-residents of New York. The exercise of such jurisdiction is, however, a matter of discretion. Gregonis v. Philadelphia & Reading Coal & Iron Co., 1923, 235 N.Y. 152, 160, 139 N.E. 223, 32 A.L.R. 1; Murnan v. Wabash R. Co., 1927, 246 N.Y. 244, 158 N.E. '508, 54 A.L.R. 1522.

In the Neirbo case, the issue was merely whether the consent given by the defendant corporation to be sued in the Courts of the State of New York under its foreign corporation registration legislation extended to the federal courts sitting in that State. Parenthetically, it may be noted that the cause of action arose in New York. In the Gulf Oil case, the questions presented were (1) whether the United States District Court had inherent power to dismiss a suit where jurisdiction and venue existed under the doctrine of forum non conveniens, and (2) if so, whether the power was abused under the circumstances.

In the instant appeal, the sole issue is whether under the Pennsylvania Business Corporation Law there is jurisdiction in the Courts of that State, and therefore in the federal courts under the Neirbo decision, where the cause of action arose outside of Pennsylvania and both plaintiff and defendant are non-residents of that State.

While it is true that the Pennsylvania Courts have not ruled specifically on the question in controversy, we are, nevertheless, not free to apply the statute in any other manner than in accordance with (1) such construction as we find the Courts of Pennsylvania would place upon it, or (2) in absence of an express statement by the Pennsylvania Courts, such rules of construction that the United States Supreme Court says we ought to apply in the situation presented.

There is an indication in Kraus v. American Tobacco Co., 1925, 283 Pa. 146, 129 A. 60, that the scope of the statute is limited to specific situations. Thus, the Court there said, 283 Pa. at page 150, 129 A. 61:

"Here, the Commonwealth, whose officer is named as agent, has an interest to be served, by affording convenience *to its citizens* in bringing suit against a foreign corporation while the latter is located 'for business purposes within the confines of the State; * * *." (Emphasis supplied.)

Moreover, in the absence of a specific delineation of the scope of the statute by the Pennsylvania Courts, a restrained interpretation is required to exclude from the operation of the Act such suits as that *sub judice*. Robert Mitchell Furniture Co. v. Selden Breck Construction Co., 1921, 257 U.S. 213, 42 S.Ct. 84, 66 L.Ed. 201; Missouri Pacific R. Co. v. Clarendon Boat Oar Co., Inc., 1922, 257 U.S. 533, 42 S.Ct. 210, 66 L.Ed. 354; Morris & Co. v. Skandinavia Ins. Co., 1929, 279 U.S. 405, 49 S.Ct. page 85 of 42 S.Ct.:

In the Mitchell Furniture Co. case, the Court said, pages 215-216 of 257 U.S., at page 85 of 42 S.Ct.:

"*The purpose in requiring the appointment of such an agent is primarily to secure local jurisdiction in respect of business transacted within the State.* Of course when a foreign corporation appoints one as required by statute it takes the risk of the construction that will be put upon the statute and the scope of the agency by the State Court. Pennsylvania Fire Ins. Co. v. Gold Issue Mining & Milling Co., 243 U.S. 93, 37 S.Ct. 344, 61 L.Ed. 610. * * * *Unless the state law either expressly or by local construction gives to the appointment a larger scope, we should not construe it to extend to suits in respect of business transacted by the foreign corporation elsewhere,* at least if begun, as this was, when the long previous appointment of the agent is the only ground for imputing to the defendant an even technical presence. * * *" (Emphasis supplied.)

And in the Missouri Pacific case, the Court said, at page 535 of 257 U.S., at page 211 of 42 S.Ct.:

"Still less is it incumbent upon a state in furnishing such process to make the jurisdiction over the foreign corporation wide enough to include the adjudication of transitory actions *not arising in the state*. Indeed, so clear is this that in dealing with statutes providing for service upon foreign corporations doing business in the state upon agents whose designa-

**418**

tion as such is especially required, this court has indicated a leaning toward a construction, where possible, that would exclude from their operation causes of action not arising in the business done by them in the state. * * *" (Emphasis supplied.)

Again, in the Morris case, it said, 279 U.S. pp. 408-409, 49 S.Ct. p. 361:

"The purpose of state statutes requiring the appointment by foreign corporations of agents upon whom process may be served is primarily to subject them to the jurisdiction of local courts *in controversies growing out of transactions within the State.* * * * And, in the absence of language compelling it, such a statute ought not to be construed to impose upon the courts of the state the duty, or to give them power, to take cases arising out of transactions so foreign to its interests. The service of the summons cannot be sustained." (Emphasis supplied.)

That the Supreme Court still adheres to the views above expressed is evident from the following statement in the Neirbo case, at page 170 of 308 U.S., at page 155 of 60 S.Ct.:

"Men's minds had become habituated to corporate activities which crossed state lines. The fact that corporations did do business outside their originating bounds made intolerable their immunity from suit in the states of their activities. *And so they were required by legislatures to designate agents for service of process in return for the privilege of doing local business.*" (Emphasis supplied.)

The well established principles above quoted dictate to me the conclusion to be reached in this case. There is, however, another persuasive reason for disagreeing with the majority.

The majority adopts the view that the statutory language, "* * * *as long as any liability remains outstanding against the corporation in this Commonwealth* * * *", is simply a time limitation "so that the designation cannot be withdrawn while local liability exists". In short, there is a very broad agency designation which must continue in effect so long as

there is any outstanding "local liability" of the corporation in Pennsylvania.

The difficulty I find with this approach is that the availability of the corporation in Pennsylvania to one not a resident thereof who wishes to sue on a cause of action not arising therein may very well depend upon whether the corporation has an outstanding "local liability". Thus, a plaintiff may be put in the position of having to prove that a "local liability" exists— even though it be to someone other than the plaintiff—where a foreign corporation has otherwise sought to terminate the designation by withdrawing its registration under the Pennsylvania law; for, by hypothesis, so long as a "local liability" exists, the corporation cannot withdraw the broad agency with which, the majority says, it invested the state officer. Certainly there is nothing in the statute to warrant the conclusion that such a double standard was intended. And only a construction of the statute complying with the rule quoted above from the cases in the United States Supreme Court would give it a uniformity of application.

For the reasons stated, the decision of the District Court should be affirmed.