## Virginia Metal Products Corporation v. The John W. Cowper Company, Inc.

Before McNaugher, Weiss and Adams, JJ.

*George F. Taylor* and *Alter, Wright & Barron,* for plaintiff.

*William H. Eckert* and *Smith, Buchanan & Ingersoll,* for defendant.

McNaugher, J., November 10, 1950.—The question before us, raised by defendant on preliminary objection, is whether this court has jurisdiction of a suit for breach of contract brought by a New Jersey corporation against a New York corporation, the latter being registered with the Secretary of the Commonwealth of Pennsylvania under the provisions of the Business Corporation Law of May 5, 1933, P. L. 364, as amended, 15 PS §2852—1011, and having a registered office in Pittsburgh, where it is alleged the contract was made in New York, was to be performed in New York, and was breached in New York.

It is averred in the complaint that the action is brought to recover damages for breach of an oral con-

tract entered into at defendant's office in Buffalo, N. Y., that defendant agreed to award plaintiff a contract for the construction of book-stacks and a book conveyor in a proposed Agricultural Library building at Cornell University, Ithaca, N. Y., provided defendant should secure the general contract and plaintiff should be the lowest bidder; and that defendant secured the general contract and plaintiff was the lowest bidder but defendant failed and refused to carry out its agreement with plaintiff.

The complaint was filed April 6, 1950, and summons in assumpsit was served upon defendant at its registered office at 535 Smithfield Street, Pittsburgh, on March 28, 1950, and it was also served upon the Secretary of the Commonwealth. It appears that defendant has not done any business within this State since March 2, 1948.

Pertinent provisions of the Business Corporation Act, supra, are the following:

"Section 1004. Application for a certificate of authority. The foreign business corporation, or its representative, shall deliver to the Department of State a copy of its articles and all amendments thereto, duly certified by the proper public officer of the state or country of its incorporation, or, if the corporation is created by a special law and has no articles, a duly certified copy of such law, a verified translation of any part of such articles, amendments or law which is in a foreign language, proof of the advertisement heretofore required by this article, and an application for a certificate of authority, executed under the seal of the corporation, and signed and verified by at least two duly authorized officers thereof, which shall set forth: . . .

"(6) A designation of the Secretary of the Commonwealth and his successor in office as the true and lawful attorney of the corporation upon whom all law-

ful process *in any action or proceeding against it* may be served, that the service of process upon the Secretary of the Commonwealth shall be of the same legal force and validity as if served on the corporation, and that *the authority for such service of process shall continue in force as long as any liability remains outstanding against the corporation in this Commonwealth.*" (Italics supplied.)

Section 1010, under the caption, "General powers of foreign business corporations":

"*A foreign business corporation* which shall have received a certificate of authority under this act, so long as such certificate of authority shall not be revoked or cancelled, shall enjoy the same rights and privileges as a domestic business corporation, but no more, and, except as in this act otherwise provided, *shall be subject to the same liabilities, restrictions, duties and penalties now in force or hereafter imposed upon domestic business corporations* to the same extent as if it had been organized under this act to transact the business set forth in its certificate of authority." (Italics supplied.)

Parts of Section 1011, under the caption, "Service of process upon the Secretary of the Commonwealth":

"Such process may be issued by any court, magistrate, or justice of the peace having jurisdiction of the subject matter of the controversy in any county of the Commonwealth in which the corporation shall have its registered office . . .

"The service of process on the Secretary of the Commonwealth, under this section, shall be of the same legal force and validity as if the process had been served on the corporation, and the authority for such service of process shall continue in force as long as any liability remains outstanding against the corporation in the Commonwealth."

Parts of section 1015, under the caption, "Surrender of certificate of authority":

"A. Any foreign business corporation may withdraw from doing business in this Commonwealth and surrender its certificate of authority by filing with the Department of State an application for a certificate of withdrawal, executed under the seal of the corporation and signed and verified by two duly authorized officers thereof, which shall set forth: . . .

"(4) A statement that it revokes its designation of the Secretary of the Commonwealth as the person on whom process against it may be served in this Commonwealth. . . .

"(6) A statement that it consents that process against it in an action or proceeding upon any liability or obligation incurred within this Commonwealth before the issuance of the certificate of withdrawal may be served upon the Secretary of the Commonwealth after the filing of such certificate. . . .

"C. The issuance of such certificate shall not affect any action pending at the time thereof, or affect any right of action upon any contract made by such corporation in the Commonwealth before the issuance of the certificate. . . ."

The question of jurisdiction depends upon the interpretation to be placed upon the phrase "in any action or proceeding against it", appearing in section 1004(6). Plaintiff takes the position that "*any* action" means just that, and that transitory suits are included. Defendant urges that the concluding language of the subsection, that "authority for such service of process shall continue in force as long as any liability remains outstanding against the corporation in this Commonwealth", indicates that what was meant by "any action" was such as involved a cause of action arising in Pennsylvania.

We are of the opinion that the words "any action" are to be taken without limitation and a plaintiff, wherever the cause of action shall have arisen, may bring suit in this Commonwealth in the county "in which the corporation shall have its registered office . . ." (section 1011). The provision that "authority for such service of process shall continue in force as long as any liability remains outstanding against the corporation in this Commonwealth", does not affect the kind or character of action or proceeding which may be instituted but limits only the effect of the filing of a certificate of withdrawal of registration by a foreign corporation. It was not the intention of the legislature to bar suits where causes of action arose elsewhere but to protect persons whose claims arose here, so that a foreign corporation, during the period while liability remained outstanding against it in this Commonwealth, could not avoid effective service upon the Secretary of the Commonwealth by withdrawing from doing business and surrendering its certificate of authority.

Apparently the question in this case has not previously been decided by any of the State courts of this Commonwealth but in 1949 it came before the United States Court of Appeals for the Third Circuit in Carlisle v. Kelly Pile & Foundation Corporation, 175 F. (2d) 414. There a resident of the State of New Jersey brought suit in the Federal District Court for the Eastern District of Pennsylvania against a New York corporation, registered in Pennsylvania under the Act of 1933, supra, upon a cause of action arising in Delaware. Defendant moved to dismiss on the ground of no jurisdiction and the district court granted the motion but its action was reversed on appeal. We quote from the opinion by Biggs, C. J., at page 415:

"It is true that that portion of the statute last italicized in note 3, supra, may be construed in limitation

of the phrase *any action or proceeding* but we are of the opinion that the phrase of limitation must be confined as we confined it in Dehne v. Hillman Inv. Co., 3 Cir., 110 F. 2d 456, 458. We stated: 'Having authorized the Secretary of the Commonwealth to act as its attorney to receive service of process, (the foreign corporation) cannot withdraw such authorization by dissolution or otherwise. . . . That authorization will end only upon the termination of the liability of the foreign corporation for acts of an intrastate nature done by it in Pennsylvania.' . . . In other words, the phrase of limitation in the statute does not narrow the broad agency designation but merely puts a time limit on it so that the designation cannot be withdrawn while local liability exists. We should point out that no decision has been cited to us, and we have found none, by a Pennsylvania State court construing the Pennsylvania statute."

In another Federal case in 1942 Monroe Calculating Machine Company v. Marchant Calculating Machine Company, 48 F. Supp. 84 (Eastern District of Pennsylvania), Judge Kirkpatrick, at page 85, said:

"This brings us to a consideration of the Pennsylvania statute. It provides that, in order to obtain the right to do business in Pennsylvania, a foreign corporation must designate the Secretary of the Commonwealth as its agent upon whom 'all lawful processes in any action or proceeding against it may be served'. 15 P. S. Pa., Sec. 3142. This the defendant did. Certain subsequent provisions of the Pennsylvania statute which refer to the authority for such service of process remaining in force as long as any liability remains outstanding against the corporation in the Commonwealth, clearly have to do only with the situation which arises when the corporation either surrenders its right to do business in Pennsylvania or has it revoked. In such case a distinction is made between liabilities in-

curred in Pennsylvania and others, the corporation's consent to be sued being extended beyond its business life in Pennsylvania as to the former only. This Court therefore has jurisdiction of the action."

The following is taken from 23 American Jurisprudence, page 496:

"The statutes providing for the designation by a foreign corporation of an agent to receive service are, however, with a few exceptions, silent as to whether service on the designated agent may be made where the cause of action accrues without the state. The weight of authority is in favor of a broad construction of such statutes, and the rule appears to be established that service on the agent designated is good, and that personal jurisdiction of the corporation is acquired thereby, even though the transaction involved in the litigation took place outside the state."

And, as bearing upon the phrase "as long as any liability remains outstanding in the state" we quote an annotation in 145 A. L. R. at 656(X):

"As indicated in a previous annotation in 119 A. L. R. 871 on the general question of 'construction, application, and effect of clause "outstanding in state" in statute relating to designation of agent for service of process upon foreign corporation', this clause has been often construed as merely fixing the duration of the time within which process may be served upon the public official and not as limiting the character of the causes of action in the enforcement of which process upon the public official may be served."

It may be added that under the language of the statute it is immaterial whether or not defendant is at the time of service actually engaged in business within this State. Its agent is at all times present by express provision in connection with registration.

Defendant's preliminary objection will be overruled.

## Order

And now, to wit, November 10, 1950, defendant's preliminary objection is hereby overruled and defendant is given 20 days from the date of service hereof to file its answer on the merits.