## SHARP & DOHME, Inc., v. LADNER, Collector of Internal Revenue.

### No. 5917.

Circuit Court of Appeals, Third Circuit.

March 6, 1936.

Henry S. Drinker, Jr., of Philadelphia, Pa., for appellant.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key, Andrew D. Sharpe, and E. F. McMahon, Sp. Assts. to the Atty. Gen., and Charles D. McAvoy, U. S. Atty., and T. J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., for appellee.

Before BUFFINGTON and THOMPSON, Circuit Judges, and AVIS, District Judge.

BUFFINGTON, Circuit Judge.

In the court below Sharp & Dohme, Inc., brought suit against the collector of internal revenue to recover tax alleged to have been illegally collected on a bottled preparation, sold by them, which article is hereafter described. By written stipulation, the case was tried before a judge, who found a verdict for the collector. On entry of judgment thereon, the taxpayer took this appeal. The sole question involved, as stated by the government in accordance with our rule, is: "Were the sales of Hexylresorcinol Solution S. T. 37 for the taxable periods August and September, 1932, taxable as sales of tooth and mouth washes, dentrifices, or any similar substance, article, or preparation, by whatsoever name known or distinguished, used or applied or intended to be used or applied for toilet purposes, within the meaning of the provisions of Section 603, Title IV, of the Revenue Act of 1932 (26 U.S.C.A. following section 1481), and Articles 22 and 23, of Regulations 46, promulgated thereunder."

■ The court found that the labelling on the bottle which it quoted was self-explanatory and determined the solution was a toilet article as distinguished from a medicine, and therefore taxable as contended for by the government. After argument and full consideration, we find ourselves of the opposite opinion. While the statute in question imposes the higher tax on "tooth and mouth washes," it qualifies these general and inclusive terms with the condition that they "are used or applied or intended to be used or applied for toilet purposes." In addition to this statutory provision, the regulations make this further qualification: "This tax will not attach * * * to any article or substance which has only an incidental or occasional use as a toilet preparation." Now the object of this statute was to impose a high luxury tax on toilet articles, and consequently not to impose such tax on a medicinal preparation. Such being the case, the decisive question is, Was this preparation a toilet article or was it a medicine which might occasionally be used as a toilet article?

■ Evidently, the statute and regulation coupled with a taxable luxury toilet article the idea of constant, as contrasted with occasional, use, and very properly so, for the enumeration of toilet articles in the statute, "perfumes, essences, extracts, toilet waters, cosmetics" and the like, are articles in daily use.

■ The taxpayer is a manufacturer of pharmaceuticals and biologicals, with large laboratories. It thus lists the solution here in question:

"Hexylresorcinol Solution S. T. 37
(Liquor Hexylresorcinolis 1:1000)..Nuash
In 1-2 oz. applicator bottles per dozen $2.25
In 3-oz. bottles per dozen.......... 4.70
In 12-oz. bottles per dozen ........ 12.00

"Hexylrescorcinol Solution S. T. 37 indicates a solution exhibiting a surface tension of 37 dynes per centimeter. It is a stable, non-toxic, non-irritating, germicidal solution which destroys bacteria almost instantly on contact."

This germicide, it will be noted, is sold in one-half, three, and twelve ounce bottles, and obviously no one would think of having a twelve, or even a three, ounce bottle in a bathroom for ordinary toilet use, while they would be suitable for hospital or nursing service. The catalogue shows on page 155 that where this solution is used as a tooth paste it is put, as such toilet articles are, in a collapsible tube. The label of the bottle here in question on its face states: "A powerful non-poisonous antiseptic for open wounds, burns, scalds and the hygienic care of mouth and throat. Kills bacteria almost instantly on contact."

On the back face of the bottle is the usual statement found on medical articles, under the heading "Directions":

"Use in nose or throat after exposure or when there is irritation.

"Mouth wash, Gargle or Throat Spray: Use full strength or dilute with 1 to 3 parts of warm water. Odorless, pleasant to taste. Use twice daily.

"Nasal Spray: Dilute with three parts of warm water.

"Cuts, Burns, Scalds, All Raw Surfaces: Apply undiluted. If injury is painful, bandage lightly, keeping bandage wet with solution.

"Dental Uses: The use of Hexylresorcinol Solution S. T. 37 after each brushing of the teeth is recommended."

Nor can we close our eyes to the fact well known to all doctors, to nurses, and to persons to whom this germicide has been ordered in the form of a doctor's prescription, that the article in question is recognized as a standard and powerful antiseptic.

So regarding, the case is reversed and the record remanded for due procedure in compliance with this opinion.