### RED STAR YEAST & PRODUCTS CO. v. LA BUDDE.

#### No. 5654.

Circuit Court of Appeals, Seventh Circuit.
April 13, 1936.

Benjamin Poss and Joseph P. Brazy, both of Milwaukee, Wis., for appellant.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key and Frederic G. Rita, Sp. Assts. to Atty. Gen., and B. J. Husting, U. S. Atty., and L. Hugo Keller, Asst. U. S. Atty., both of Milwaukee, Wis., for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

Appellant brought this suit to enjoin appellee, the Collector of Internal Revenue, from attempting to assess and collect excise taxes on yeast by it manufactured and sold, or from imposing a lien for said tax upon its property. It also asked the court to find and enter a declaratory decree that yeast by it sold was not subject to the tax imposed by section 603 [1] of the Revenue Act of 1932 (26 U.S.C.A. § 1420 et seq. note), which imposes an excise tax upon cosmetics, etc.

Appellant asserts its belief to be that, unless restrained, appellee will assess the tax and resort to remedies provided by law to enforce its payment, and the amount will be so large that payment can only be made through a liquidation of its assets.

The court issued a temporary restraining order. Thereafter, it vacated this order and denied an application for a temporary injunction. The present appeal is from the refusal to grant the temporary injunction.

Appellee's answer raised the defense presented by section 3224 (26 U.S.C.A. § 1543),[2] which prohibits the bringing of a suit to restrain the assessment or collection of any tax. It also asserted that the Commissioner had ruled that some yeast sold by appellant was subject to a tax under sec-

[1] "Tax on Toilet Preparations, etc. There is hereby imposed upon the following articles, sold by the manufacturer, producer, or importer, a tax equivalent to 10 per centum of the price for which so sold: Perfumes, essences, extracts, toilet waters, cosmetics, petroleum jellies, hair oils, pomades, hair dressings, hair restoratives, hair dyes, tooth and mouth washes (except that the rate shall be 5 per centum), dentifrices (except that the rate shall be 5 per centum), toothpastes (except that the rate shall be 5 per centum), aromatic cachous, toilet soaps (except that the rate shall be 5 per centum), toilet powders, and any similar substance, article, or preparation, by whatsoever name known or distinguished; any of the above which are used or applied or intended to be used or applied for toilet purposes."

[2] "No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

tion 603, but no tax had as yet been assessed. It further answered that the purpose for which the yeast, upon which the tax, if assessed, would be levied, was manufactured and sold by appellant, as declared in the public radio advertisement, was for cosmetic use. It denied that the tax would be so large as to interfere with the conduct of appellant's business.

Affidavits were filed in support of the pleadings which dealt with the subject of advertising and the use of yeast for facials. Appellant argued that many articles, such as lemons, milk, flax, oatmeal, eggs, vinegar, honey, olive oil, etc., were extensively advertised and used to a certain extent, as cosmetics. On the other hand there were copies of advertisements showing that appellant's yeast was extensively sold for facials. In addition there appears in the record numerous articles extolling the benefits of yeast facials, not marked as advertisements, which were taken from newspapers.

The ruling of the District Court must be sustained on any of several grounds.

(a) In order to justify the issuance of a temporary injunction, there must be a showing of a threatened injury. The injury must be real, not imaginary. 14 R.C.L. page 354. Ordinarily, it must be of irreparable character, for which a money award would be inadequate. In the instant case, the Government has not yet assessed any tax against the taxpayer. Should such a tax be assessed and an attempted enforcement greatly prejudice the appellant in the conduct of its business, pendente lite, the court may again be appealed to. It will always be open to hear any application which may be addressed to it. Temporary injunctions differ in their finality from the final or permanent injunctions. Denial of an application for a temporary injunction does not prevent another application by the same party in the same suit, if new facts warrant it. In a suit for either injunction, however, the party seeking the relief must make a fact showing that the threatened injury is imminent.

It is unnecessary to consider the effect of the statute which permits a court to grant declaratory decrees, because the section, which authorizes suits for a declaratory decree (28 U.S.C.A. § 400), expressly excepts suits involving Federal taxes.

(b) Appellant has not brought its case within the rule set forth in Miller v. Standard Nut Margarine Company, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422; Hill v. Wallace, 259 U.S. 44, 42 S.Ct. 453, 66 L.Ed. 822, so as to avoid the consequences of section 3224, Revised Statutes (26 U.S.C.A. § 1543). In the Miller Case, the court was dealing with a tax on oleomargarine. There the court said:

"This is not a case in which the injunction is sought upon the mere ground of illegality because of error in the amount of the tax. The article is not covered by the act. A valid oleomargarine tax could by no legal possibility have been assessed against respondent, and therefore the reasons underlying § 3224 apply, if at all, with little force. * * * Respondent commenced business after the product it proposed to make had repeatedly been determined by the Commissioner and adjudged in courts not to be oleomargarine or taxable under the act, and upon the assurance from the Bureau that its product would not be taxed. * * * It is clear that, by reason of the special and extraordinary facts and circumstances, section 3224 does not apply. The lower courts rightly held respondent entitled to the injunction."

In view of the plain language of section 3224, which prohibits such suits as the instant one, we are not justified in extending the rule announced in the Miller Case.

A third objection to the granting of the temporary injunction may be found in the fact showing which is insufficient to justify a ruling on the nontaxability of appellant's product as a cosmetic. The fact controversy, in other words, is not closed.

If we eliminate the fact knowledge of which the court may take judicial notice, we still could not hold, in the face of the other evidence, that the appellant's product is not a cosmetic. The advertisements so describe it. The District Court could hardly be expected to find that the product was not what appellant said it was in its advertisements.

Appellant argues that the court must take judicial notice of the fact that compressed yeast cakes are used primarily in bread making and beer production. True, we will take judicial notice of the use of yeast in these two industries. It by no means follows, however, that appellant's product was made for either or both of said purposes. Likewise, the statute imposing the tax, also the rules and regulations of the Department, call for information as to the percentage of appellant's yeast production used for facials. Such figures and other information are necessary to the determina-

tion of the vital question in the case—the taxability of any of appellant's product as a cosmetic.

The order is

Affirmed.