**FLASH CHEMICAL CO. v. UNITED STATES.**
**No. 43179.**

Court of Claims.
May 31, 1938.

442

Andrew J. Aldridge, of Boston, Mass., for plaintiff.

J. H. Sheppard, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

Plaintiff contends that the product "Flash" is not a toilet soap nor an article similar to a toilet soap or a toilet preparation and is not a preparation used or intended to be used for toilet purposes within the meaning of section 603 of the Revenue Act of 1932, 26 U.S.C.A. § 1420 et seq. note, and Art. 22 of Regs. 46; that such conclusion is supported by the familiar and universally accepted rule of statutory construction that where an enumeration of specific articles or things is followed by some general word or phrase, such word or phrase is held to refer only to articles or things of the same kind; and that in the interpretation of statutes levying taxes it is the universally established rule not to extend their provisions by implication beyond the clear import of the language used, or to enlarge the operations of same so as to embrace matters not specifically pointed out.

Section 603, 26 U.S.C.A. § 1420 et seq. note, which is entitled "Tax on Toilet Preparations, etc.," imposes a tax of 10% and 5% upon the sales price by the manufacturer of certain enumerated articles, and the rate of 5% is made applicable to "toilet soaps, * * * toilet powders, and any similar substance, article, or preparation, by whatsoever name known or distinguished; any of the above which are used or applied or intended to be used or applied for toilet purposes." Art. 22, Regs. 46, interpreting the provisions of the section mentioned, provides as follows:

"Scope of Tax.—The tax attaches to the sale by the manufacturer of the articles enumerated in section 603 and similar articles commonly or commercially known as toilet articles, which are used or applied, or intended to be used or applied, for toilet purposes. Any article advertised or held out to be suitable for toilet purposes, or for any purposes for which the articles enumerated in the Act are customarily used, will be subject to the tax, regardless of the name by which it may be known or distinguished. The tax attaches to the sale by the manufacturer of all preparations which are used or applied or intended to be used or applied for toilet purposes or used in connection with the bath or care of the body, or applied to the clothing as a perfume or to the body as a toilet article. The fact that any particular product, preparation, or substance coming within the scope of the Act may have, or be held out to have, a medicinal, stimulating, remedial, or curative value does not exempt it from the tax, if it is commonly used as an adjunct to the toilet or for toilet purposes.

The tax will not attach to an article which is not a finished product or is not susceptible of use for toilet purposes but is only suitable for use in the manufacture of article subject to tax, or to any article or substance which has only an incidental or occasional use as a toilet preparation.

Toilet soap is taxable whether in the form of a liquid, semiliquid, paste, flake, powder, or cake. Soaps and soap powders advertised or held out as suitable for toilet purposes or for application to the body, or parts of the body, as cleansing agents are taxable. Toilet soap advertised or held out as having medicinal properties, medicated toilet soaps, shaving soaps, creams, and powders, and shampoo soaps and soap powders are taxable. A soap used chiefly for removing grease and stains from the hands, though capable of incidental use for cleaning kitchen utensils, is taxable as a toilet soap. Soaps which are made, advertised, held out, and sold primarily for general cleaning or laundry purposes, but which may have an incidental and trivial use as a toilet soap, are not taxable unless advertised or held out as suitable for toilet purposes. Shampoo oils and liquids not containing saponaceous matter are taxable as toilet preparations."

 In view of the facts and circumstances disclosed in the findings and the language of the provisions of the statute and the Treasury regulation interpreting the statute, which regulation we think is reasonable, we are of opinion that the product known as "Flash" is an article, substance, or preparation similar to a toilet soap and was used and applied, and intended to be used and applied, for toilet purposes. The facts disclose that the product "Flash" is approximately the same as ordinary toilet soap with the addition of mineral abrasive, and that while, because of this mineral abrasive, its application to the more tender parts of the human body would be unpleasant, it would not be harmful. The facts further show that when "Flash" is used with water it will lather because of its soap content. The product is used to the extent of 75% for toilet purposes in cleaning hands and of 25% for general household use, and that the product so used for toilet purposes was manufactured and sold and intended to be so used and applied seems clear from the extensive advertisements of the product by plaintiff, in which advertisements the value and effect of the product for toilet purposes in cleaning the hands were stressed. This use was strongly recommended by plaintiff for the use of housewives, school children, mechanics, and office workers. On each can in which the product was packed and sold the manufacturer called attention, among other things, to the fact that the product "does not roughen the skin but leaves it soft and smooth and helps keep it so." We think a reasonable interpretation of the statute is, as stated in the Treasury regulation, that soaps, whether in the form of cake, liquid, past, flake, or powder, when advertised or held out as suitable for toilet purposes, for application to the body, or parts of the body, as cleansing agents, are taxable.

 The record does not support the claim that the use of "Flash" in cleaning the hands is a mere incidental use and that the purpose for which it was manufactured, sold, and intended to be used was cleaning kitchen utensils, sinks, bath tubs, and other articles in the household. On the contrary, the record requires the conclusion that the product was used and intended to be used and applied for toilet purposes. It was not necessary in order for the product to be taxable under section 603 and Regs. 46 that it be unsuitable for any use other than for toilet purposes. If it was similar in substance to toilet soap, and we think it was, and was used and applied and intended to be used and applied for toilet purposes, and the facts establish that it was so used and applied, this is sufficient to bring the product within the articles enumerated, the sales price of which was intended to be taxed by section 603 of the Revenue Act of 1932.

The Commissioner of Internal Revenue correctly held that the product "Flash" was subject to tax as a substance, article, or preparation similar to toilet soap and used and applied, or intended to be used and applied, for toilet purposes. The petition is therefore dismissed. It is so ordered.