**MIONE MFG. CO. v. UNITED STATES.**
**SAME v. ROTHENSIES, Collector of**
**Internal Revenue.**
**Nos. 7392, 7393.**

Circuit Court of Appeals, Third Circuit.
Sept. 6, 1940.

Howard M. Lutz, of Media, Pa., and John W. Townsend and Francis C. Brooke, both of Washington, D. C., for appellant.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and Harry Marselli, Sp. Assts. to Atty. Gen. (J. Cullen Ganey, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., of counsel), for appellees.

Before MARIS, JONES, and GOOD-RICH, Circuit Judges.

GOODRICH, Circuit Judge.

Appellant, plaintiff below, instituted these two actions to recover excise taxes paid upon its product, "Mione". The questions being the same except for the year involved, the actions were consolidated and tried by the court below without a jury. The trial court found against the plaintiff. The applicable statute is the Revenue Act of 1932, c. 209, § 603, 47 Stat. 261, 26 U.S. C.A.Int.Rev.Acts, page 608.[1]

Plaintiff's product which it describes as a "mechanics' hand paste", is a gray paste of the following composition:

| | |
|---|---|
| Abrasive (Pumice) | 20.43% |
| Soap Chips | 6.88% |
| Alkaline Salts | 1.50% |
| Oil of Camphor Sassafrassy | .19% |
| Water | 71.00% |

It is found by the trial court that the

---

[1] "There is hereby imposed upon the following articles, sold by the manufacturer, producer, or importer, a tax equivalent to 10 per centum of the price for which so sold: Perfumes, essences, extracts, toilet waters, cosmetics, petroleum jellies, hair oils, pomades, hair dressings, hair restoratives, hair dyes, tooth and mouth washes (except that the rate shall be 5 per centum), dentifrices (except that the rate shall be 5 per centum), tooth pastes (except that the rate shall be 5 per centum), aromatic cachous, toilet soaps (except that the rate shall be 5 per centum), toilet powders, and any similar substance, article, or preparation, by whatsoever name known or distinguished; any of the above which are used or applied or intended to be used or applied for toilet purposes."

product is not a toilet soap,[2] and the sole question for decision now is whether it is a "similar substance, article or preparation * * * used or applied or intended to be used or applied for toilet purposes."

The court below found that Mione is similar to toilet soap in chemical composition, some physical characteristics and in use, but that it is not generally in commercial competition with toilet soaps in that "it is intended to perform the heavier kinds of the same general functions, of which the toilet soaps perform the lighter and finer." The court concluded that Mione was a "similar substance, article or preparation" to toilet soap. It was also found that the preparation is principally used and intended to be used for toilet purposes, although it is also used and intended to be used to some extent as a general household cleanser.

Appellant's argument is based on three grounds. It is contended first that under the statute two tests must be met for tax liability: (a) The object taxed must either be, or be similar to, one of the enumerated articles, and (b) it must be used or intended to be used for toilet purposes. Second, that the finding of the court below that Mione is similar to toilet soap is unsupported by the evidence. Third, that the same is true with respect to the finding that Mione is used for toilet purposes.

The first and the last point are easily disposed of. As to the first, it seems clear that the appellant is correct on the construction of the statute and that both tests have to be met. As to the third, there is no doubt that Mione is used for toilet purposes. The removal of grease and grime from the hands is no less a toilet function than the removal of dust or tobacco. Even if we accept plaintiff's contention that the connotation of "toilet" is to be limited to making the person more alluring, certainly simple cleanliness is a sine qua non of such allure. It is immaterial that the soap may be used for other purposes, for the statute does not require that the toilet purpose be the sole one. For example, it is common knowledge that toilet soaps in the strict sense may be and are used for laundry purposes. There is nothing in McCaughn v. Electric Storage Battery Co., 3 Cir., 1933, 63 F.2d 715, requiring a different conclusion.

The more perplexing question in the case involves the determination of what is a "similar substance, article, or preparation" to toilet soap. Sharp & Dohme, Inc. v. Ladner, 3 Cir., 1936, 82 F.2d 733, 734, is of no assistance here for that case went upon the ground that the item sought to be taxed did not come within the phrase "used or applied or intended to be used or applied for toilet purposes." In Duradene Co., Inc. v. Magruder, D.C.Md., 1937, 21 F.Supp. 426, affirmed Per Curiam, 4 Cir., 1938, 95 F.2d 999, the court, in determining whether a certain hair preparation was subject to tax, spoke of similarity in composition and in use. Flash Chemical Co. v. United States, Ct.Cl., 1938, 23 F.Supp. 440, involved the taxability of a soap like Mione and in direct competition with it. The court there spoke of similarity "in substance", and upheld the imposition of the tax.

Whether one thing is similar to another depends of course on the particular properties being compared. Thus iron and mercury are similar in that they are both metals, but they are dissimilar in that one is a solid and the other a liquid at ordinary temperatures. Plaintiff points to various dissimilarities between Mione and toilet soap. It is not similar in feel, texture or appearance to toilet soap; its function is performed to a large extent by the mechanical action of the abrasive, absent in toilet soap; its chemical composition also differs from toilet soap in the amount of alkaline salts present and the ratio of the various ingredients. But we think there are sufficient points of identity to sustain the holding of the court below. Both Mione and toilet soap *do* contain anhydrous soap, alkaline salts and water; both employ an agent to impart a pleasant odor to the product; both produce a lather, and, most important, they are designed to perform the same principal function, viz., cleansing of the body.

Under the wording of the statute principal use seems to us important in determining similarity. Furthermore, the plaintiff's advertisements of its product contain phrases such as: "leaves the hands soft

---

[2] A typical toilet soap, according to the testimony for the plaintiff in the court below, would be composed as follows:

| | |
|---|---|
| Anhydrous Soap | 60% to 85% |
| Alkaline Salts | 0.3% to 1.5% |
| Abrasives | None |

Desired perfumes are added, glycerin is sometimes included and the balance is composed of water.

and white"; "kiddies like it * * * and its fine cleansing and softening oils are good for their tender skin"; "keeps hands dainty"; "protects delicate skin"—all typical claims generally made for toilet soaps. As was said in Red Star Yeast & Products Co. v. La Budde, 7 Cir., 1936, 83 F.2d 394, 396: "The District Court could hardly be expected to find that the product was not what appellant said it was in its advertisements." See also Peroxide Chemical Co. v. Sheehan, 8 Cir., 1939, 108 F.2d 306, 308. We think the plaintiff can hardly be allowed to tell one story to prospective customers and a different story to the tax collector.

The judgment of the District Court is affirmed.