## BALL v. PARAMOUNT PICTURES, Inc., et al.

No. 2963.

District Court, W. D. Pennsylvania.

Nov. 8, 1944.

Rawle & Henderson, of Philadelphia, Pa., and Roy G. Bostwick, Lee W. Eckels, and Thorp, Bostwick, Reed & Armstrong, all of Pittsburgh, Pa., for complainant.

Schnader, Kenworthey, Segal & Lewis, and Bernard G. Segal, all of Philadelphia, Pa., and James J. Leyden, of Pittsburgh, Pa., for Paramount Pictures, Inc., Paramount Film Distributing Corporation, R. K.O. Radio Pictures, Inc., and Twentieth Century-Fox Film Corporation.

John G. Buchanan, Allen Robinson, and Smith, Buchanan & Ingersoll, all of Pittsburgh, Pa., for Loews, Inc.

James H. Beal and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for respondent Pennware Theatre Corporation.

Thompson Bradshaw, of Beaver, Pa., for respondent A. N. Notopoulos.

SCHOONMAKER, District Judge.

On Motion of Paramount Pictures, Inc., to Dismiss Complaint as to it for Lack of Jurisdiction as to That Company.

On October 24, 1944, defendant Paramount Pictures, Inc., filed a motion to dismiss the complaint, or in lieu thereof, to quash the service of summons on that company on the ground: (1) that defendant is a New York corporation, and has neither an agent nor transacts business in Pennsylvania; and (2) that defendant has not properly been served with process in this action.

This defendant entered a general appearance by his counsel on April 21, 1944; and on the same day filed an answer to the complaint. On August 21, 1944, after the plaintiff had filed an amended complaint, this defendant filed an answer to the amended complaint. In these answers this defendant denies that it has an agent and transacts business in this District; and that plaintiff is entitled to the relief prayed for.

This defendant admits it was registered to do business in Pennsylvania, but contends that it is suable only in the Middle District of Pennsylvania, where its registered agent resides. There is no merit in that contention. The precise question has been decided by the Circuit Court of Appeals of this Circuit in Dehne v. Hillman Investment Company, 110 F.2d 456, in which Circuit Judge Biggs said at page 458: "* * * The suit at bar is not one based upon diversity of citizenship, but arises out of the laws of the United States. The court below erred, however, in holding

that it did not have jurisdiction over the appellee because the appellee was not an inhabitant of the Western District. We are of the opinion that by applying for a certificate of authority and designating the Secretary of the Commonwealth as its attorney for process, the appellee waived the provisions of Section 51 of the Judicial Code as amended, 28 U.S.C.A. § 112, and must therefore be held to have consented to be sued in the District Court for the Western District of Pennsylvania so long as it had liability outstanding in that State. See Neirbo Company v. Bethlehem Shipbuilding Corporation, Ltd. [308 U.S. 165], 60 S.Ct. 153, 84 L.Ed. [167, 128 A.L.R. 1437]."

In addition to that, we hold that this defendant, by entering a general appearance in this case on April 21, 1944, and answering both the original and amended complaints, has waived all objections to the jurisdiction of this court.

The defendant's motion to dismiss will be denied. An order may be submitted accordingly on notice to opposing counsel.

### On Plaintiff's Motion for Preliminary Injunction

This suit, originally involving only Pennware Theatre Corporation, A. N. Notopoulos, and Paramount Pictures, Inc., the owner of all the stock of the Pennware Theatre Corporation, was filed April 12, 1944. The complaint charged defendants with conspiracy in restraint of interstate commerce in violation of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, and the Clayton Act, 38 Stat. 730, and asked for an injunction restraining defendants from damaging the Penn Theatre located in a building owned by plaintiff in Ambridge, Pennsylvania. The complaint also asked an injunction restraining defendants from removing from said theatre the equipment, fixtures, and furnishings thereof. A temporary restraining order was granted pending hearing on plaintiff's motion for a preliminary injunction. Testimony was taken on this motion on April 21st to April 26th, 1944, with the result that plaintiff withdrew his motion for a preliminary injunction.

On July 6, 1944, plaintiff asked and obtained leave to bring on the record as additional defendants, R.K.O. Pictures, Inc., Loew's Inc., Twentieth Century-Fox Film Corporation, and Paramount Film Distributing Corporation.

The same day plaintiff filed an amended complaint, in which he charged all the defendants with a conspiracy in violation of the Sherman Anti-Trust Act and the Clayton Act, to damage and destroy the value of the Penn Theatre on property owned by plaintiff as a motion picture theatre. Among other reliefs, the plaintiff asked a preliminary injunction to enjoin defendants: (1) from withholding or depriving plaintiff of motion picture product on the run formerly enjoyed by the Penn Theatre; and (2) from entering into any contracts or agreements with any other theatre for the licensing of feature product on the run formerly enjoyed by the Penn Theatre.

On July 24, 1944, we began hearing testimony on plaintiff's motion for a preliminary injunction. On July 25, 1944, after testimony offered by plaintiff was partially completed, an adjournment was had to October 3, 1944, to meet the convenience of counsel, when the taking of testimony by plaintiff was resumed and completed on October 6, 1944. Whereupon, defendants all moved to dismiss plaintiff's motion for a preliminary injunction.

At final argument on plaintiff's motion for a preliminary injunction, the plaintiff withdrew that part of his motion relating to the furnishing of motion picture films to the Penn Theatre, and pressed only for a preliminary injunction as to furnishing such films to the State Theatre operated by defendant Pennware Theatre Corporation.

The facts, so far as they relate to the matters now before the court, may be briefly summarized as follows:

Defendant Pennware Theatre Corporation operated the Penn Theatre in Ambridge, Pennsylvania, in a part of a building owned by the plaintiff, which that corporation occupied under a lease from plaintiff. This lease expired April 30, 1944. Before the expiration of the lease, plaintiff and defendant Pennware Theatre Corporation negotiated on a renewal of this lease, but were unable to agree upon the rent to be paid therefor. Whereupon defendant Pennware Theatre Corporation removed its equipment from the Penn Theatre before the expiration of the lease and installed that equipment in another theatre building which that defendant had erected in Ambridge, known as the State Theatre, where it is now showing the first run of motion theatre films which it had theretofore displayed at the Penn Theatre under contract

with the film-distributing defendants. The plaintiff has re-equipped the Penn Theatre, and is ready there to exhibit motion pictures. But none of the motion picture distributing defendants will give to the Penn Theatre the first run of motion pictures which that theatre formerly enjoyed, with the result that the Penn Theatre remains closed.

■ On these facts we cannot see that plaintiff is entitled to the preliminary injunction which he seeks.

It is the contention of the plaintiff that on the vacation of the Penn Theatre by the Pennware Theatre Corporation, the right to first-run exhibits of motion picture films of the distributing defendants passed on to him as the owner of that theatre upon his re-equipment of it; that the defendant exhibitors had no right to exclude him from that first run; that his right to the first run of all pictures formerly allotted to the Penn Theatre should remain at that theatre pending final hearing, and not taken over to the State Theatre now operated by Pennware Theatre Corporation. Whatever may be our conclusion on final hearing of this case as to the right of plaintiff to have continued at the Penn Theatre the first run of pictures theretofore exhibited at that theatre, we cannot see that he is entitled to the preliminary injunction prayed for. That would be depriving the defendant Pennware Theatre Corporation of its right to the first run which it enjoyed at the time the amended complaint was filed herein on July 6, 1944. That corporation could not have continued the exhibition of first run pictures at the Penn Theatre, because the plaintiff would not renew the lease.

At the first hearing on plaintiff's motion for a preliminary injunction held on April 21st to April 27th, 1944, inclusive, and before he filed his amended complaint, plaintiff's counsel stated as follows: "Mr. Eckels: Your Honor, I have been instructed by my client to withdraw the motion for a temporary injunction, without prejudice to the right to continue to final hearing for a permanent injunction, and possibly for damages, in view of the fact that a temporary restraining order after the dismissal of the motion for restraint as to the equipment which is located in the theatre would be of no value to the plaintiff."

■ In our opinion, this statement by counsel for plaintiff at the hearing on his application for a preliminary injunction would not exclude plaintiff from renewing his application for a preliminary injunction upon his amended complaint filed on July 6, 1944, if the facts warranted such an injunction. In Red Star Yeast & Products Co. v. La Budde, 7 Cir., 83 F.2d 394, 395, Circuit Judge Evans announced what we think is applicable rule, i. e.: "Denial of application for temporary injunction does not prevent another application by same party in same suit, if new facts warrant it." As we have heretofore stated, we do not see that the facts of the case presented on plaintiff's motion heard after the amended complaint, justify a preliminary injunction.

■ The last uncontested status in this case was when the Pennware Theatre Corporation was occupying plaintiff's theatre under lease expiring April 30, 1944. That status we cannot continue by preliminary injunction filed in this case, because the Pennware Theatre Corporation's right to occupy that building ceased on April 30, 1944. The plaintiff brought about that situation himself by refusing to renew the lease on terms the Pennware Theatre Corporation was willing to pay. The Pennware Theatre Corporation offered to pay an increased rental, which plaintiff refused to accept, and demanded rental in the form of a percentage of the theatre's admission receipts. Nor can we by preliminary injunction enjoin the defendants, or any of them, from exhibiting first-run films at the State Theatre, because that is the very matter in controversy. The office of a preliminary injunction is merely to preserve, pendente lite, the last actual uncontested status which preceded the pending controversy. See Warner Brothers Pictures, Inc., v. Gittone, 3 Cir., 110 F.2d 292, at page 293.

We shall therefore grant defendants' motion to dismiss plaintiff's motion for a preliminary injunction. An order may be submitted accordingly.