**ROBIQUE v. LAMBERT.**

**KAPSOS v. LAMBERT.**

**Civ. A. Nos. 3825, 3842.**

United States District Court
E. D. Louisiana, New Orleans Division.
July 9, 1953.

306

G. Wray Gill and Gerard H. Schreiber, New Orleans, La., for plaintiffs.

John N. McKay, U. S. Atty., G. Harrison Scott, Asst. U. S. Atty. and Francis A. Ledet, Asst. U. S. Atty., New Orleans, La., for defendants.

CHRISTENBERRY, District Judge.

By these suits complainants seek to restrain and enjoin the United States Director of Internal Revenue of the State of Louisiana, and his subordinates, from levying and collecting, under the provisions of Section 3267 of the Internal Revenue Code, 26 U.S.C.A. § 3267, a special tax of $250 per year on each of certain coin operated pinball machines, located in bar-restaurants owned and operated by complainants.

Complainants allege that they have paid a special tax of $10 per year on each such machine, this being the tax fixed by the Statute for coin operated amusement devices, but notwithstanding that they have paid the special tax of $10 per year, respondent, through his subordinates, has demanded that complainants pay a tax of $250, per year, per machine, which is the tax levied by the Statute on slot machines, and has threatened to issue warrants of distraint to effect collection of the tax.

Complainants allege further that the demand for the higher tax is based upon an enlargement by respondent of the definition of the term slot machine as contained in the Statute by adding thereto the words "and other gaming device".

They contend that the assessment of the higher tax, and demand for payment thereof under threat of seizure is punitive, arbitrary, capricious and discriminatory, and in violation of the Due Process Clause of the United States Constitution, Amend. 5. They allege want of an adequate remedy at law, and irreparable injury, and pray for injunctive relief.

Respondent has moved to dismiss the complaints on the ground that because of the provisions of Section 3653, Internal Revenue Code, 26 U.S.C.A. § 3653, this Court is without jurisdiction.

The motions to dismiss were submitted by respective counsel, for decision, on briefs, and on May 11, 1953, after due consideration, it seeming clear to the Court that they were well founded, the motions to dismiss were granted, and orders entered dismissing the suits, with the statement that written reasons would be subsequently filed.

The pertinent portion of Section 3653, Internal Revenue Code, 26 U.S.C.A. § 3653, reads as follows:

"(a). Tax. Except as provided in sections 272(a), 871(a) and 1012(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

These suits do not fall within the provisions of any of the excepted Sections. All of such Sections have to do with petitions to the Tax Court of the United States.

Long before the adoption of Revised Statute, § 3224 from which Section 3653(a) Revenue Code is derived, courts of equity declined to entertain suits for relief against the erroneous or illegal assessment and collection of taxes. Revised Statute, § 3224 merely crystallized that rule into positive law.

Complainants recognize the general rule laid down by Section 3653, but say that it is not a hard and fast one, and that in exceptional circumstances the courts may take jurisdiction and grant such relief as is here sought. Briefly, the exceptional circumstances alleged to exist here are that complainants are unable to pay the tax demanded, and that the action of respondent will give rise to a multiplicity of

suits in that complainants will be required to file several suits to obtain refund of such taxes as may unlawfully be collected from them.

Although complainants plead their inability to pay the tax it is plain from the pleadings that what they mean is that payment of the tax will be a hardship.

■ Assuming arguendo only that as urged by the complainants exceptional circumstances constituting equities sufficient to sustain jurisdiction may in some cases be shown to exist, it is clear that the pleadings in the instant cases do not present such circumstances. Allegations of hardship to pay taxes are not sufficient to confer jurisdiction on this Court. State of California v. Latimer, 305 U.S. 255, 262, 59 S.Ct. 166, 83 L.Ed. 159; Reams v. Vrooman-Fehn Printing Co., 6 Cir., 140 F.2d 237.

■■ Complainants' contention that failure to obtain injunctive relief will result in a multiplicity of suits, and that this is a special circumstance which will bring these cases within the exception to the rule, is also without merit. Several suits can hardly be called a multiplicity. As used in this connection the term means a great number. There is no reason to believe that numerous suits will be necessary to determine the question of the tax properly due on the machines in question. A single suit by each complainant is all that will be required.

Contrary to complainants' contentions they are without adequate remedy at law, the Government has provided what the Court in Re State Railroad Tax Cases, 92 U.S. 575, 613, 614, 23 L.Ed. 663, described as "a complete system of corrective justice in regard to all taxes imposed by the general government, which in both branches is founded upon the idea of appeals within the executive departments."

And in deciding those cases, the Court said further:

"If the party aggrieved does not obtain satisfaction in this mode, there are provisions for recovering the tax after it has been paid, by suit against the collecting officer. But there is no place in this system for application to a court of justice until after the money is paid."

Simply put, the objective of the complainants is to thwart the collection of taxes by the United States, while at the same time continuing to operate the devices on which the taxes are levied. This is unquestionably a result which Section 3653 Internal Revenue Code, 26 U.S.C.A. § 3653, is intended to prevent.

■ The remedy of the complainants is to pay the taxes, apply for refund, and if refund is denied, sue the Director to recover the taxes. Larson, Collector of Internal Revenue v. House, 5 Cir., 1940, 112 F.2d 930.

This Court is without jurisdiction in these cases.