**Richard S. SIMPSON, Plaintiff,**

v.

**UNION OIL COMPANY OF CALIFORNIA, Defendant.**

No. 37344.

United States District Court
N. D. California, S. D.

June 3, 1958.

73. Note 21, supra.

74. Note 26, supra.

signment agreement for the disposition of gasoline products, has sought to fix retail prices. When plaintiff, in order to meet competition, refused to comply with defendant's price schedule, he was informed that he would not have his lease renewed. In order to protect his interest in the leased premises and to obtain an extension of the lease, plaintiff has initiated the present action.

Defendant contends that as of this time there is no contract outstanding. Since the lease expired by its own terms on May 23rd, the Court will not compel defendant to grant an extension. United States v. Klearflax Linen Looms, D.C., 63 F.Supp. 32, 42; United States v. Bausch & Lomb Optical Co., 321 U.S. 707, 64 S.Ct. 805, 88 L.Ed. 1024. This Court has previously ruled, in Meyberg Co. v. Eureka Williams Corporation, 9 Cir., 215 F.2d 100, that it will not compel the making of a new lease. See, also, Hudson Sales Corp. v. Waldrip, 5 Cir., 211 F.2d 268.

There is no longer a status quo to preserve, plaintiff's lease having expired (Hershel California Fruit Products Co. v. Hunt Foods, Inc., D.C., 111 F. Supp. 732; Ball v. Paramount Pictures, D.C., 57 F.Supp. 505, 507). Furthermore, since plaintiff's contract relationship has terminated, he has no standing to enforce the anti-trust laws on behalf of those who may be aggrieved because of alleged price fixing contracts (Zenith Radio Corp. v. R. C. A., D.C., 106 F. Supp. 561, 576; United States v. Borden Co., 347 U.S. 514, 518, 74 S.Ct. 703, 98 L.Ed. 903; cf. Klor's, Inc., v. Broadway Hale Stores, Inc., 9 Cir., 255 F.2d 214).

If plaintiff has a cause of action for defendant's alleged breach of a contractual relationship, he is not without remedy, which is adequate to compensate him (Cappetta v. Atlantic Refining Co., 2 Cir., 74 F.2d 53, 98 A.L.R. 418).

Accordingly, it is ordered that plaintiff's motion for a preliminary injunction be, and the same hereby is, denied, and the temporary restraining order be, and the same hereby is, terminated.

Maxwell Keith, San Francisco, Cal., for plaintiff.

Moses Lasky, Richard Haas, Brobeck, Phleger & Harrison, San Francisco, Cal., for defendant.

HARRIS, District Judge.

Plaintiff operates a Union Oil Service Station in Fresno. For the past two years he has been a lessee of defendant, who has refused to extend plaintiff's lease. By its terms, it expired on May 23, 1958. Two days before plaintiff's term had run, he obtained an order to show cause and a temporary restraining order against defendant in order to preserve the status quo until the Court should have an opportunity of hearing plaintiff's alleged grievance in connection with a violation of the anti-trust laws. Plaintiff relied upon 15 U.S.C.A. § 26 as the basis for seeking injunctive relief.

The substance of plaintiff's complaint is that defendant, acting under a con-