Japhet **NUSSBAUMER**, a Resident of
Montgomery County, Tennessee,
c/b/a Walnut Grove Dairy,

v.

**UNITED STATES** of America and James
**M. Rountree, District Director of**
Internal Revenue.
No. 2623.

United States District Court
M. D. Tennessee,
Nashville Division.
June 4, 1959.

James W. Allen and James W. Allen,
Jr., Nashville, Tenn., for plaintiff.

Fred Elledge, Jr., U. S. Dist. Atty.,
Nashville, Tenn., Stanley F. Krysa, Asst.
Atty. Gen., Tax Division, Claims Section,
Department of Justice, Washington, D.
C., for the United States.

WILLIAM E. MILLER, District
Judge.

This is an action by the plaintiff, a
milk distributor, to enjoin the defendant,
the District Director of Internal Revenue, from the assessment and collection
of excise taxes in the amount of $1,182.97
plus interest of $146.07, assessed by the
Commissioner of Internal Revenue
against the plaintiff under Section 4271
(a) of the Internal Revenue Code of
1954, 26 U.S.C.A. § 4271(a). That section provides as follows:

"(a) There is hereby imposed upon the amount paid within or without the United States for the transportation of property, except coal, by
rail, motor vehicle, water, or air,
from one point in the United States
to another, a tax equal to 3 per cent
of the amount so paid.

\* \* \* \* \* \*

"(d) The taxes imposed by this
section shall be paid by the person

making the payment subject to the tax."

The plaintiff insists that the taxes assessed by the defendant are due and payable from other sources, and that if the defendant is not restrained by the Court from collecting the taxes, the plaintiff will be required to pay a tax which he does not in fact owe and that he will have no adequate remedy at law to recover the amount paid. It is the plaintiff's further insistence that he is not "the person making the payment subject to the tax", but that the persons making such payment are the farmer-producers from whom the plaintiff purchases milk. He argues that he is a non-taxpayer insofar as the tax in question is concerned and that he therefore has no adequate remedy to pay the tax and institute an action for refund, his only remedy being to enjoin the defendant from proceeding against him.

It is alleged in the complaint in substance that the plaintiff is engaged in the operation of a milk distribution plant in Clarksville, Tennessee, under the name of Walnut Grove Dairy. In the operation of the plaintiff's dairy he purchases milk from farmers f. o. b. his receiving platform in Clarksville. No arrangement exists between the plaintiff and the transporters delivering the milk to his plant, although in some instances the truck operators may act as an agent for a farmer and will arrange for the sale of milk to the plaintiff. The plaintiff pays the farmer-producer on a bi-monthly basis and in some instances the amount due to the transporter is deducted from the price of the milk and a separate check is issued to the truck operators. According to the allegations of the complaint this arrangement is merely a convenience to the farmers, and in all cases the hiring of the transporter and the value of his services are determined by the farmer and the transporter, the plaintiff having no control over the employment contract, the payment of charges, or the amount thereof. The Commissioner of Internal Revenue, however, determined from the facts available to him that the plaintiff was the "person making the payment subject to the tax" and consequently assessed the plaintiff with the taxes under the applicable statute.

■ Section 7421(a) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7421 (a), provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court", and under the terms of this statute the Court is without jurisdiction of the present action unless the circumstances of the case are such that the statute is not applicable. The plaintiff argues that the statute is not applicable for the reason that it does not apply to a third party seeking to enjoin a collector from taking his property to pay the taxes of another. For this proposition the plaintiff cites and relies upon the cases of Glenn v. American Surety Company of New York, 6 Cir., 160 F.2d 977; Adler v. Nicholas, 10 Cir., 166 F.2d 674, and Jones v. Kemp, 10 Cir., 144 F.2d 478. An examination of these cases discloses that they are factually distinguishable in a material aspect from the present case. In each of the cases the plaintiff seeking injunctive relief was not the party against whom an assessment had been made for the tax in question. In each case the plaintiff was merely seeking to enjoin the Collector from taking his property to satisfy the tax obligation assessed against another party. In the instant case the plaintiff, whether rightly or wrongly, has been directly assessed with the tax by the Commissioner of Internal Revenue, it being the insistence of the Commissioner that the plaintiff is himself liable for the tax. In the case of Glenn v. American Surety Company, supra, the court held that sureties had the right to enjoin the Government from the collection of a tax from the proceeds of property upon which such sureties had a prior lien, such tax being the admitted obligation of another party. In regard to the statute forbidding a suit to restrain the assessment or collection of any tax the court stated that "the statute * * * applies to actions by taxpayers; it does not apply to a third

party seeking to enjoin the Collector from taking his property to pay taxes of another". [160 F.2d 981.] Thus, in the Glenn case there was no contention that the plaintiff was a taxpayer, whereas in the present case it is the insistence of the Government that the plaintiff is the taxpayer and therefore the party liable for the tax. The Court is of the opinion, therefore, that the plaintiff is not a third party within the meaning of the cases relied upon and that such cases do not support plaintiff's insistence.

■ Nor does the Court find that there are exceptional and extraordinary circumstances alleged by the taxpayer sufficient to constitute an exception to the prohibitory statute. The substance of the plaintiff's allegations is that a hardship would be cast upon him in attempting to recover the taxes from others and that a multiplicity of suits would be required. But the cases hold that hardship is not a ground warranting the Court in assuming equity jurisdiction in view of the strict terms of the prohibitory statute. Red Star Yeast & Products Co. v. La Budde, 7 Cir., 83 F.2d 394; Burke v. Mingori, 10 Cir., 128 F.2d 996; Ohio State Nurses' Ass'n v. Busey, 6 Cir., 120 F.2d 11; Reams v. Vrooman-Fehn Printing Co., 6 Cir., 140 F.2d 237. And it has been held that a taxpayer is not entitled to injunctive relief based upon the ground that it will avoid a multiplicity of actions. Robique v. Lambert, D.C., 114 F.Supp. 305, affirmed per curiam 5 Cir., 214 F.2d 3.

The language of the Sixth Circuit in Reams v. Vrooman-Fehn Printing Co., supra, 140 F.2d at page 240, is directly in point:

"The principle that a taxpayer may not bring a suit in equity for the purpose of restraining the assessment or collection of a tax has long existed. Public necessity gives the rule vitality. The Internal Revenue Code, 26 U.S.C.A. § 3653, codified the limitation upon the equity powers of federal courts to restrain the collection of taxes and fortified the policy of allowing the government to be unhampered in the collection of its revenue. No independent equity jurisdiction appearing, the statute applies, even where the collection or assessment of the tax is unwarranted. Graham v. Dupont, 262 U.S. 234, 43 S.Ct. 567, 67 L.Ed. 965; Keogh v. Neely, 284 U.S. 583, 52 S.Ct. 39, 76 L.Ed. 504. Unless there is a clear showing that a taxpayer will suffer a wrong without any other remedy, neither the validity or accuracy, nor the constitutionality of a tax may be tested in an action brought to restrain its collection only and it is immaterial that the collection of the tax is wholly void or that the object sought to be taxed is beyond the purview of the taxing statute. The concept of the statutory prohibition against the injunction is what the revenue statutes prescribe a complete method for the ultimate determination of the correct tax and that since the taxpayer has a proper remedy thereunder, the courts will not interfere with the summary collection of the taxes."

■ The remaining question is whether the plaintiff, if denied injunctive relief, would have an adequate remedy at law. In this connection the Court can see no reason why the plaintiff, being directly assessed with the tax, does not have an adequate remedy to pay the tax under protest and to institute an action to recover the amount so paid as provided by statute. The plaintiff's argument that he has no right to proceed under this statute is based largely upon Allen v. Regents of University System of Georgia, 304 U.S. 439, 58 S.Ct. 980, 82 L.Ed. 1448. In that case the plaintiff was permitted to maintain a suit for injunction notwithstanding the prohibitory statute for the reason that the court found exceptional circumstances to exist. It appeared in that case that the admissions tax was collected by the University from the purchasers of the tickets and the money was held by the University in a separate tax fund. It is clear, therefore, that the University, if it paid the tax, would have had no interest therein to

sue for a refund. The burden of the tax was not borne by the University but on the contrary was borne by the persons from whom the taxes were collected. In contrast, in the present case the plaintiff has been assessed with the taxes and if payment is made by him out of his own funds he will have a direct interest in maintaining a suit for refund. He would not be suing to recover taxes the burden of which had been borne by someone else. The Court cannot escape the conclusion, therefore, that the plaintiff does have an adequate remedy at law.

In accordance with this memorandum an order will be passed to the Court sustaining the motion to dismiss the complaint without prejudice.