**H. E. BARNUM**

v.

**UNITED STATES of America.**

Civ. A. No. 64–B–6.

United States District Court
S. D. Texas,
Brownsville Division.

May 20, 1964.

Joel William Ellis, Harlingen, Tex., for plaintiff.

Honorable Woodrow Seals, U. S. Atty., and John H. Baumgarten, Asst. U. S. Atty., Houston, Tex., for defendant.

GARZA, District Judge.

Plaintiff, H. E. Barnum, sues to recover Federal Excise taxes paid by him on July 19, 1961, covering the period October 1, 1959, through June 30, 1960. Plaintiff also seeks the abatement and cancellation of Excise taxes assessed for the quarterly periods from January 1, 1956, through September 30, 1960.

Defendant, United States, has moved to dismiss the complaint for lack of jurisdiction over the subject-matter, because the Plaintiff has not complied with Section 6511(a), Title 26 U.S.C.A., which requires that a claim for credit or refund must be filed within three years from the time the return was filed, or two years from the time the tax was paid, whichever was later.

The complaint shows on its face that the claim for refund, which is attached as an exhibit, was not filed within the period of limitation imposed by the above statute.

26 U.S.C.A. § 7422, provides that no suit or proceeding shall be maintained in any court for the recovery of a tax alleged to have been erroneously or illegally assessed or collected until a claim for refund or credit has been duly filed

according to the regulations of Internal Revenue Service.

Jones v. Liberty Glass Company, (S.Ct., 1947) 332 U.S. 524, 68 S.Ct. 229, 92 L.Ed. 142, and Kavanagh v. Noble (S.Ct., 1947) 332 U.S. 535, 68 S.Ct. 235, 92 L.Ed. 150, both deal with claims for refund of Income taxes under the Internal Revenue Code of 1939, which had a similar limitation provision as to Income taxes (Sec. 322(b) (1)) and a separate 4-year statute of limitations as to Excise and other taxes which had been illegally assessed. (Sec. 3313). The two sections there distinguished have been combined into the present Section 6511 which applies to "any tax imposed by this title in respect of which tax the taxpayer is required to file a return."

"It is now well established, under the provisions of the statutes and regulations referred to in the next preceding paragraph, that the timely filing by a taxpayer of a claim for refund with the Internal Revenue Service is a statutory prerequisite to recover taxes alleged to have been illegally assessed and collected, and if such a claim is not timely filed, the courts are without jurisdiction to hear and determine such a claim for refund of taxes. U. S. v. Felt & Tarrant Co., 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025; and Garmack v. Scofield, (5th Cir.) 201 F.2d 360; and Snead v. Elmore, (5th Cir.) 59 F.2d 312."—Thompson v. United States, E.D.Tex., 1962, 209 F.Supp. 530, at p. 537.

The application of Section 6511 to Excise taxes as compared to Section 3313 of the 1939 Code, is discussed in Eastman Kodak v. U. S., 1961, 292 F.2d 901, 155 Ct.Cl. 256.

As for Plaintiff's suit for the abatement and cancellation of Excise taxes assessed for the period January 1, 1956, through September 30, 1960, Section 7421, Title 26 U.S.C.A., prohibits such a cause of action. Robique v. Lambert, D.C., 114 F.Supp. 305, affirmed,

214 F.2d 3 (C.A.5th), cert. den. 348 U.S. 915, 75 S.Ct. 297, 99 L.Ed. 718.

Since the Plaintiff's claim for refund is barred and his plea to abate and cancel taxes is prohibited, Defendant's motion to dismiss must be granted, and this cause should be and is hereby dismissed.

Clerk will notify counsel.